**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KEITH STEWART #98926**  **CIVIL ACTION**

**VERSUS**  **NO. 06-0213**

**BURL CAIN**  **SECTION "K"(3)**

## ORDER AND OPINION

Before the Court is motion for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254 filed by petitioner Keith Stewart, currently a state prisoner at Louisiana State Penitentiary, in Angola, Louisiana. Having reviewed the petition (Doc. 1), the record, including the state court record, the applicable law, the Report and Recommendation of the Magistrate Judge (Doc. 8), petitioner's objections to the Report and Recommendation (Doc. 11), the Supplemental Report and Recommendation of the Magistrate Judge (Doc. 14) and the petitioner's objections to the Supplemental Report and Recommendation (Doc. 17), the Court agrees with the Magistrate Judge's Reports and Recommendations, adopts his findings as its own, and dismisses Keith Stewart's motion for post-conviction relief with prejudice.

BACKGROUND

On January 29, 1982, petitioner was convicted of second degree murder (La. Rev. Stat. 14:30.1). Thereafter on February 5, 1982, the state district judge sentenced Keith Stewart to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.

Petitioner seeks to vacate his conviction and sentence contending that he was not competent to stand trial, that the indictment was legally invalid, and that his counsel rendered ineffective assistance of counsel. Pursuant to 28 U.S.C. §636(1)(B) and (C) and, as applicable, Rule 8(b) of the

Rules Governing Section 2254 Cases in United States District Courts, this matter was referred to the United States Magistrate Judge Daniel Knowles for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of a Report and Recommendation for disposition. Magistrate Judge Knowles concluded that a hearing was not necessary and recommended dismissal of the petition as time barred under 28 U.S.C. §2244(d) (Doc. 8).

Petitioner objected to the Report and Recommendation asserting that the one year limitation of §2244(d) should be equitably tolled because throughout his period of incarceration, including the relevant one year period, his impaired mental condition had incapacitated him and rendered him unable to file his petition for post-conviction relief timely. Petitioner urged the Court to review his mental health records in connection with consideration of his plea for equitable tolling. (Doc. 11).

The court ordered the warden of the Louisiana State Penitentiary to produce a verified copy of all of petitioner's mental health records and remanded the matter to Magistrate Judge Knowles for evaluation of petitioner's contention that the one-year limitation period of §2244(d) should be equitably tolled. (Doc. 12, 14).

After reviewing petitioner's medical records, the Magistrate Judge concluded that equitable tolling was not warranted and again recommended that Keith Stewart's petition be dismissed as time-barred. (Doc. 14). Petitioner continues to object to the Magistrate Judge's recommendation that the petition be dismissed as time barred contending that he is entitled to equitable tolling of the limitation period due to his mental condition.

## STANDARD OF REVIEW

Where a party makes timely, specific written objections to a magistrate judge's recommendation, the district court must determine *de novo* the portions of the report to which

objections are made after a review of the record, or after additional evidence. 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b); Rule 8, Rules Governing §2254 Cases in the U.S. District Courts.

## LAW AND ANALYSIS

Title 28 U.S.C. §2244(d) establishes a one-year period of limitation for filing a federal *habeas corpus* motion, providing in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under §2244 petitioner had 365 days after his conviction became final to file his petition for federal *habeas corpus* relief, tolled only for the days on which a "properly filed" application for state *habeas* relief was pending. Where, as here, the conviction challenged in the application for *habeas corpus* relief became final prior to April 24, 1996, a petitioner seeking relief had one year

from the effective date of The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), or until April 24, 1997, to file an application for federal *habeas* relief.  *Flanagan v. Johnson*, 154 F.3d 196, 200 n.3 (5th Cir. 1998) *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998).  Thus, the last day for petitioner to timely file his petition for federal post-conviction relief was April 24, 1997, unless the one year limitation period of §2244(d) is equitably tolled.

Petitioner contends that he is entitled to equitable tolling of the one year period because he was mentally ill (insane) and taking medication which prohibited him from understanding or asserting his legal rights.     The one year limitation period of §2244 can be equitably tolled in exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)."The doctrine of equitable tolling preserves a plaintiff's claim when strict application o the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  The Fifth Circuit has "recognized the possibility that mental incompetency might support equitable tolling of a limitation period."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  However, "conclusory claims of mental incompetency are insufficient to warrant equitable tolling."  *Edwards v. Dretke*, 2005 WL 119471 at *4 (N.D. Tex. January 1, 2005)(Ramirez, M.J., *adopted*, 2005 WL 544105 (N.D. Tex. March 7, 2005)(Kinkeade, J.).

Petitioner "bears the burden of proof concerning equitable tolling."  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  As such, Stewart must establish that he was mentally incapacitated during the relevant time period, i.e.,  April 24, 1996 through  April 24, 1997. Additionally, petition must demonstrate that "rare and exceptional circumstances" warrant equitable tolling.  *Id.*

Having reviewed petitioner's medical and mental health records, the Court concludes that plaintiff has failed to meet his heavy burden of proof with respect to equitable tolling. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(internal quotation and citation omitted). There is no evidence that petitioner's mental condition was so severe that it prevented him from asserting his legal rights during the relevant period.

Although petitioner's medical records confirm that Stewart suffers from mental illness, they also establish that his symptoms were in remission during most of the relevant period. For several months during the relevant period, Stewart worked as a trustee and the records show that he was responding well to Thorazine, his prescribed medication. Stewart Med. Rec. Pt. 6 & 9. There was a brief period during the final month of the limitation period when petitioner's mental health worsened after he was told that his sister had died. Although petitioner was functioning adequately, he was referred to the psychiatric nursing staff on March 31, 1997. *Id.* On April 13, 1997, petitioner was evaluated and found to be coping and functioning poorly, and was placed on suicide watch. *Id.* However, the next day Stewart began to function at an acceptable level and the suicide watch was discontinued. By April 25, 1997, no distress was noted. *Id.* Although petitioner's mental state deteriorated between March 31, 1997 and April 25, 1997, there is no indication that the deterioration was so severe that he was incapable of asserting his legal rights.

Assuming *arguendo* that petitioner was mentally incapacitated during the period from March 31, 1997 until April 25, 1997, (a period of twenty-six days) and that he is entitled to equitable tolling for that period of time, Stewart's petition for post-conviction relief would

5

nonetheless be time-barred. There is no evidence that during the twenty-six days subsequent to April 25, 1997, that petitioner was mentally incapacitated to the extent that he could not assert his legal rights and file his motion for *habeas corpus* relief. Moreover, petitioner experienced no mental health issues for several years after the limitation period ended. In fact, his mental health condition remained in remission until 2003. *Id.*

Because petitioner has failed to carry his burden of establishing his entitlement to equitable tolling of the one-year limitation period of §2244(d), his petition is time-barred. Accordingly,

**IT IS ORDERED** that the federal petition of Keith Stewart for *habeas corpus* relief is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 18th day of September, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE